**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 118143

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Linda Chun, individually and on behalf of all others similarly situated, <br><br>   Plaintiff, <br><br> vs. <br><br> Midland Funding, LLC and Austin, Dalton and Associates, <br><br>   Defendants. | Case No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Linda Chun, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Funding, LLC and Austin, Dalton and Associates (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Linda Chun is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Midland Funding, LLC, is a California Limited Liability Company with a principal place of business in San Diego County, California.

9. On information and belief, Defendant Austin, Dalton and Associates, is a California Corporation with a principal place of business in Riverside County, California.

10. On information and belief, Defendant Midland Funding, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant Austin, Dalton and Associates regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Midland Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant Austin, Dalton and Associates is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant Midland Funding, LLC's business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant Austin, Dalton and Associates' business is the collection of such debts.

16. On information and belief, Defendant Midland Funding, LLC uses the mails in its debt collection business.

17. On information and belief, Defendant Austin, Dalton and Associates uses the mails in its debt collection business.

18. Defendant Midland Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant Austin, Dalton and Associates is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

2

## ALLEGATIONS SPECIFIC TO PLAINTIFF

20. At an exact time known only to Defendants, Defendant Midland Funding, LLC purchased a debt ("the alleged Debt") from Credit One Bank.

21. At the time Defendant Midland Funding, LLC purchased the alleged Debt, the alleged Debt was in default.

22. At an exact time known only to Defendants, Defendant Midland Funding, LLC retained Defendant Austin, Dalton and Associates to attempt to collect the alleged Debt.

23. At the time Defendant Midland Funding, LLC retained Defendant Austin, Dalton and Associates to attempt to collect the alleged Debt, the alleged Debt was in default.

24. Defendants allege Plaintiff owes the alleged Debt.

25. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated May 1, 2019. (**"Exhibit 1."**)

29. The Letter conveyed information regarding the alleged Debt.

30. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. The Letter was received and read by Plaintiff.

32. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

33. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

34. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e(11)

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692e(11) provides that it is a violation of the FDCPA to fail to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

37. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

38. The Letter failed to disclose that Defendants were attempting to collect a debt and that any information obtained will be used for that purpose.

39. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692e(11) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

43. To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must clearly convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

44. To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

45. To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must convey without ambiguity, from the perspective of the least

4

sophisticated consumer, the name of the creditor to whom the debt is owed.

46. Even if a debt collector conveys the required information, the debt collector nonetheless violates the 15 U.S.C. § 1692g(a)(2) if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty in the eyes of the least sophisticated consumer.

47. Merely naming an entity without specifically identifying the entity as "the creditor to whom the debt is owed" is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

48. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

49. The Letter fails to identify by name and label any entity as "creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

50. The Letter states, "Original Creditor," but lists two entities: "Midland Funding" and "Credit One Bank".

51. The Letter states that Defendant Austin, Dalton and Associates represents "Midland Funding/Credit One Bank."

52. The Letter demands payment be made to Defendant Austin, Dalton and Associates.

53. The Letter fails to indicate whether "Midland Funding" or "Credit One Bank" is the current owner of the alleged Debt.

54. The Letter fails to indicate whether "Midland Funding" or "Credit One Bank" is Plaintiff's creditor.

55. The Letter fails to indicate whether "Midland Funding" or "Credit One Bank" is current creditor.

56. The Letter fails to indicate whether "Midland Funding" or "Credit One Bank" is the creditor to whom the alleged Debt is owed.

57. The Letter fails to indicate whether "Midland Funding" or "Credit One Bank" referred the account to Defendant Austin, Dalton and Associates.

58. As a result of such failures, Defendants did not clearly convey, from the perspective of the least sophisticated consumer, the owner of the alleged Debt as required by 15 U.S.C. § 1692g(a)(2).

59. As a result of such failures, the least sophisticated consumer would likely be

5

confused as to the owner of the alleged Debt.

60. As a result of such failures, the least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

61. As a result of such failures, Defendants did not clearly convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

62. As a result of such failures, Defendants did not accurately convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

63. As a result of such failures, Defendants did not convey without ambiguity, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

64. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

65. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

66. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

68. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

69. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

70. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

71. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

6

72. The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

73. The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

74. The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

75. The identity of the owner of a debt is a material piece of information to a consumer.

76. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

77. For the reasons already set forth, the letter could be read by the least sophisticated consumer to mean that either "Midland Funding" or "Credit One Bank" is the creditor to whom the alleged Debt is owed.

78. Defendants failed to explicitly state the owner of the alleged Debt.

79. Defendants failed to clearly state the owner of the alleged Debt.

80. The least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

81. The least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

82. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

83. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

84. The least sophisticated consumer would likely be deceived by the Letter.

85. The least sophisticated consumer would likely be deceived in a material way by the Letter.

86. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

## FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

87. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

89. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

90. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

91. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

92. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

93. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

94. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

95. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

96. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

97. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

98. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

99. Threatening to take legal action without explaining that such threats do not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

100. Threatening to take legal action without explaining that such threats do not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

101. Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

102. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

103. The Letter, throughout, threatens legal action against Plaintiff.

104. The Letter fails to advise that the threats of legal action do not override the Plaintiff's right to dispute the alleged Debt.

105. The Letter fails to advise that the threats of legal action do not override the Plaintiff's right to request validation of the alleged Debt.

106. The Letter fails to advise that the threats of legal action do not override the Plaintiff's right to request the name and address of the original creditor.

107. The least sophisticated consumer, upon reading threats of legal action, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action.

108. The least sophisticated consumer, upon reading threats of legal action, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could nevertheless be subject to legal action even during the verification process.

109. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

9

110. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

111. As a result of the foregoing, the threats of legal action would likely make the least sophisticated consumer confused as to her rights.

112. As a result of the foregoing, the threats of legal action would likely make the least sophisticated consumer uncertain as to her rights.

113. Defendants violated 15 U.S.C. § 1692g(b) as the threats of legal action overshadows the disclosure of the consumer's right to dispute the alleged Debt.

114. Defendants violated 15 U.S.C. § 1692g(b) as the threats of legal action overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

115. Defendants violated 15 U.S.C. § 1692g(b) as the threats of legal action overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

116. Defendants violated 15 U.S.C. § 1692g(b) as the threats of legal action are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

117. Defendants violated 15 U.S.C. § 1692g(b) as the threats of legal action are inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

118. Defendants violated 15 U.S.C. § 1692g(b) as the threats of legal action are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

119. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

120. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

121. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

122. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

123. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

124. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

125. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

126. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.

## FIFTH COUNT
## Violation of 15 U.S.C. § 1692g

127. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

128. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

129. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

130. Defendants failed to provide Plaintiff with the required 15 U.S.C. § 1692g disclosures.

131. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

132. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

133. Plaintiff seeks to certify a class/ two classes of:

> i. All consumers to whom Defendants sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

134. This action seeks a finding that Defendants' conduct violates the FDCPA, and

asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

135. The Class consists of more than thirty-five persons.

136. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

137. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

138. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

139. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Grant Plaintiff's costs; together with

   g. Such other relief that the Court determines is just and proper.

DATED: February 11, 2020

               **BARSHAY SANDERS, PLLC**

               By: */s/ Craig B. Sanders*
               Craig B. Sanders, Esq.
               100 Garden City Plaza, Suite 500
               Garden City, New York 11530
               Tel: (516) 203-7600
               Fax: (516) 706-5055
               csanders@barshaysanders.com
               *Attorneys for Plaintiff*
               Our File No.: 118143