```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
LINDA CHUN, individually and
on behalf of those similarly situated,
                                            Memorandum and Order
              Plaintiff,
                                            20-CV-759(KAM)(CLP)
     -against-


MIDLAND FUNDING, LLC, and
AUSTIN, DALTON AND ASSOCIATES,

              Defendants.
---------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

The plaintiff brought this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Midland Funding, LLC ("Midland Funding") and a fictitious, unregistered defendant, Austin, Dalton and Associates ("Austin Dalton"),[1] based on a collection letter purportedly sent by Austin Dalton that allegedly contained various violations of the FDCPA.  Midland Funding filed a motion for summary judgment.  For the reasons herein, the motion for summary judgment is GRANTED.

## Background

The plaintiff, Linda Chun ("Plaintiff"), who is a resident of Queens, New York, commenced this action on February 11, 2020, on behalf of herself and all those similarly situated,

---
[1] Plaintiff has apparently not served Austin Dalton as of the date of this Memorandum and Order.

by filing a complaint naming two defendants: Midland Funding and Austin Dalton. (*See generally* ECF No. 1, Complaint ("Compl.").)

Attached as an exhibit to the complaint was a debt collection letter addressed to Plaintiff, dated May 1, 2019, upon which Plaintiff bases her action. (*Id.*, Ex. 1.) Austin Dalton's name and apparent logo appeared at the top of the letter. (*Id.*) The letter listed "Midland Funding/Credit One Bank" as Plaintiff's "[o]riginal [c]reditor," and stated that Austin Dalton "represents the Midland Funding/Credit One Bank." (*Id.*) According to the letter, Plaintiff owed a total balance of $3,406.61, and Austin Dalton was "authorized to accept the sum of $1,520.00 as a compromise in full of the . . . account." (*Id.*) Plaintiff alleges that the collection letter violated several specific provisions of the FDCPA, including that it failed to provide the recipient with certain notices required by the FDCPA. (*See id.* ¶¶ 35-131.)

Before filing the complaint, counsel for Plaintiff contacted Andrew M. Schwartz, Esq., an attorney who had represented Midland Funding in other matters[2] and provided a copy of the collection letter, and requested Austin Dalton's contact

---

[2] Plaintiff's counsel states that Mr. Schwartz was "an attorney known to have represented Midland [Funding] in other matters handled by" Plaintiff's counsel. (ECF No. 16-2, Declaration of Craig B. Sanders, ¶ 4.) In this action, Midland Funding is represented by attorneys from a different law firm.

information.  (Def. Ex. B.)  Mr. Schwartz, who does not represent Midland Funding in this action, replied via email on August 8, 2019, stating that "Midland [Funding] located the account, but has found out nothing about Austin Dalton."  (*Id.*)  As discussed below, Mr. Schwartz has submitted an affirmation correcting his erroneous email statement.

About one month after Plaintiff filed her complaint, on March 23, 2020, counsel for Midland Funding in this action sent Plaintiff's counsel a letter enclosing an affidavit executed under penalty of perjury by Xenia Murphy, the Director of Performance Management for Midland Credit Management, Inc., which is an authorized agent of Midland Funding and the "exclusive entity responsible for placing debts that are purchased and owned by Midland Funding with third-party vendors."  (ECF No. 15-8, Defendant's Rule 56.1 Statement ("Def. 56.1"), ¶ 26; Def. Ex. A ("Murphy Affidavit"), ¶ 2.)  The Murphy Affidavit stated that "[n]o other entity" other than Midland Credit Management, Inc. "places debts that are purchased and owned by Midland Funding with third-party vendors."  (*Id.*)  The Murphy Affidavit further stated that "no Midland [Funding] Entity, nor any affiliate, parent, or subsidiary of any Midland [Funding] Entity has ever had a relationship of any kind with [Austin Dalton]," and that "Austin Dalton has never received authorization or permission to use the

3

name of any of the Midland [Funding] Entities." (*Id.* ¶ 5.) It further stated that Midland Funding and its affiliates "have not owned a debt in the name of [Plaintiff] that originated with Credit One Bank." (*Id.* ¶ 6.) According to Ms. Murphy, the collection letter attached to Plaintiff's complaint "was not authorized by Midland Funding" and "was prepared and sent without the Midland [Funding] Entities' knowledge or permission." (*Id.* ¶¶ 11-12.)

Based on searches conducted by Midland Funding's counsel, Austin Dalton is not an entity that is registered to do business in either New York (where Plaintiff resides and received the letter) or in California (where Austin Dalton is purportedly located, according to the letter). (Def. 56.1 ¶ 21.) Though Plaintiff named Austin Dalton as a defendant in her complaint, she never provided the Clerk of Court with a proposed summons for Austin Dalton, and never filed a return of service of process for Austin Dalton. (*See id.* ¶¶ 23-25.)

Midland Funding did not answer Plaintiff's complaint, nor file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Instead, although no discovery in the case has taken place, Midland Funding moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, because it seeks to have Plaintiff's complaint dismissed while relying on material outside

4

the pleadings (such as the Murphy Affidavit). (*See* ECF No. 15, Motion for Summary Judgment; ECF No. 15-9, Memorandum of Law in Support ("Def. Mem."); ECF No. 17, Reply in Support.) Plaintiff opposed the motion. (*See* ECF No. 16, Memorandum in Opposition ("Opp."); *see also* ECF NO. 16-1, Plaintiff's Rule 56.1 Statement.)

## Legal Standard

Summary judgment shall be granted to a movant who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

When bringing a motion for summary judgment, the movant carries the burden of demonstrating the absence of any disputed issues of material fact and entitlement to judgment as

a matter of law.  *Rojas*, 660 F.3d at 104.  In deciding a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A moving party may indicate the absence of a factual dispute by "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

Once the moving party has met its burden, the nonmoving party normally "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  Therefore, it is "[o]nly in the rarest of cases" that "summary judgment [may] be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

## Discussion

Plaintiff brought this action pursuant to the FDCPA.  "A violation under the FDCPA requires that (1) the plaintiff be a 'consumer' who allegedly owes the debt or a person who has

been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements." *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017), *aff'd*, 740 F. App'x 742 (2d Cir. 2018).

Midland Funding argues that it could not have violated the FDCPA as a matter of law because it did not send or authorize the Austin Dalton collection letter at issue, nor have any knowledge of it, nor did it have any relationship with the "fictitious" entity, Austin Dalton, that purportedly sent it. (*See* Def. Mem. at 6-12.) Plaintiff avers that she must first be given "the opportunity to probe the veracity of" the Murphy Affidavit and the other evidence proffered by Midland Funding before summary judgment is granted. (Opp. at 6.) Plaintiff, however, did not submit an affidavit or declaration pursuant to Federal Rule of Civil Procedure 56(d) regarding the discovery that she needs. *See Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13-14 (2d Cir. 2013) (summary order) ("The failure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery 'is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'") (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d

Cir. 1994)). Plaintiff further argues that there is already a dispute of fact that precludes summary judgment based on Midland Funding's proffered evidence alone: a pre-lawsuit email sent by an attorney, Mr. Schwartz, who does not represent Midland Funding in this case, which stated that Midland Funding had "located [Plaintiff's] account." (Def. Ex. B.)

In support of its motion, Midland Funding submitted an affirmation by Mr. Schwartz stating that Midland Funding did not tell him that it had "located" an account associated with Plaintiff, and that he "erroneously" stated that Plaintiff's account had been located. (Def. Ex. C ¶¶ 6-9.) Moreover, the Murphy Affidavit stated that Midland Funding "ha[s] not owned a debt in the name of [Plaintiff] that originated with Credit One Bank," nor any debt in the name of Plaintiff that is identified in the complaint, and that Midland Funding had no relationship with Austin Dalton. (Murphy Affidavit ¶¶ 5-10.)

"Courts in this Circuit and other Circuit Courts have concluded that principals or corporate parents may be held vicariously liable for their agents' or subsidiaries' actions that violated the FDCPA where the principals are themselves 'debt collectors.'" *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 584 (S.D.N.Y. 2015). Plaintiff alleges that Midland Funding is a "debt collector" under the FDCPA (Compl. ¶

18), and Midland Funding has not disputed that allegation. Thus, if the Austin Dalton collection letter sent to Plaintiff violated the FDCPA, Midland Funding could be held vicariously liable, but only if the letter was sent by one of its agents. The only material issue for this motion, then, is whether Midland Funding has established as a matter of law that the Austin Dalton collection letter sent to Plaintiff was not authorized by Midland Funding, and that Austin Dalton was not its agent. The pre-lawsuit statement by Mr. Schwartz that Midland Funding "located" her account does not preclude summary judgment, because whether that statement was true does not affect whether Austin Dalton was Midland Funding's agent. In addition, Mr. Schwartz has subsequently submitted an affirmation under penalty of perjury, stating that he was mistaken when he made that statement.

On the material issue, whether Austin Dalton was an agent working on behalf of Midland Funding, Ms. Murphy has stated under penalty of perjury in her affidavit that, based on her review of Midland Credit Management, Inc.'s business records, "no Midland Entity, nor any affiliate, parent, or subsidiary of any Midland Entity has ever had a relationship of any kind with [Austin Dalton]," that "Austin Dalton is not a vendor of the Midland Entities or any other entity related to

9

the Midland entities," and that the "Midland Entities have never placed an account or debt of any kind with Austin Dalton for any purpose." (Murphy Affidavit ¶ 5.) Courts in the Second Circuit have used varying tests for determining whether a debt collector can be held vicariously liable under the FDCPA for the actions of its agent: "[s]ome [c]ourts require that a debt collector 'exercise control' over the [agent], while others require only that the agent be acting 'within the scope their authority.'" *Polanco*, 132 F. Supp. 3d at 585 (quoting *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 515-17 (S.D.N.Y. 2013) and *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011)). There is no theory of vicarious liability, however, under which Midland Funding could be held liable for a letter sent by an entity with which it never "had a relationship of any kind." (Murphy Affidavit ¶ 5.)

The court must be mindful of the Second Circuit's direction that a defendant's motion for summary judgment may be granted before a nonmoving party has an opportunity to seek discovery "[o]nly in the rarest of cases." *Hellstrom*, 201 F.3d at 97. This is one of those rare cases. Midland Funding has proffered admissible evidence establishing that Austin Dalton was not its agent, and Plaintiff has not articulated any specific discovery it could seek that could put that issue in

10

dispute despite Ms. Murphy's and Mr. Schwartz's statements, which were made under penalty of perjury. The court may grant summary judgment based on a nonmoving party's failure to comply with Federal Rule of Civil Procedure 56(d), which requires the filing of a declaration identifying the specific facts that remain unavailable to the party. *See Lunts*, 515 F. App'x at 13-14.

It appears that an entity, using the unregistered name "Austin Dalton," obtained Plaintiff's address, and sent her a collection letter about a debt she may have owed, although Midland Funding has disavowed the specific account cited in the letter. The court will not speculate about how this entity received Plaintiff's information. Plaintiff argues that the Murphy Affidavit does not state "how many vendors Midland [Credit Management, Inc.] has," or whether she "consulted any or all of these vendors" prior to completing her affidavit. (Opp. at 10.) Those nitpicks do not alter the fundamental flaw with Plaintiff's attempt to hold Midland Funding liable, which is that Midland Funding has submitted admissible evidence that clearly establishes that Midland Funding did not authorize the collection letter, it did not have the account described in the letter, nor *any* relationship with Austin Dalton, the entity that purportedly sent Plaintiff the letter. Plaintiff has not

11

articulated specifically what discovery is necessary in order to probe this issue further, and Ms. Murphy's statements under penalty of perjury are dispositive on the sole material issue before the court.

## Conclusion

For the foregoing reasons, Midland Funding's motion for summary judgment is GRANTED.  The Clerk of Court is directed to terminate Midland Funding as a defendant in this action.  By no later than January 25, 2021, Plaintiff is directed to file a letter indicating whether she intends to proceed against the other defendant, Austin Dalton.  If Plaintiff has not served Austin Dalton and fails to request more time to serve Austin Dalton by that date, the case will be closed.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 21, 2021

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge